**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **LONNIE LUPARDUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 26-2386-KHV** |
| **ILIANA MIELCAREK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On May 26, 2026, in the District Court of Johnson County, Kansas, Lonnie Lupardus filed a pro se Petition For Damages And Civil Rights Violations (Doc. #1-2) against 13 defendants. On July 1, 2026, defendants City of Gardner, Kansas, Casey Mast, James Anderson, Cody Waggoner and Pam Waldeck (collectively, "the Gardner defendants") removed the case to federal court under 28 U.S.C. §§ 1441(a) and 1446. Notice Of Removal (Doc. #1). The Gardner defendants represented that "all Defendants consent to removal." Id. at 1. This matter is before the Court on Plaintiff's Motion To Strike Invalid State-Court Extension And For Entry Of Default Against Defendants City Of Olathe, Angela Winterscheidt, Robert Ahsens, & Carl Anderson (Doc. #5) filed July 6, 2026. For reasons stated below, the Court overrules plaintiff's motion.

Plaintiff argues that in state court, the City of Olathe, Angela Winterscheidt, Robert Ahsens and Carl Anderson (collectively, "the Olathe defendants") did not obtain an order extending the time to answer or otherwise defend until after the deadline to do so had expired. Plaintiff asks this Court to strike the state court order that granted the extension and direct the Clerk's Office in this case to enter default judgment against them under Rule 55(a), Fed. R. Civ. P.

When a case is removed to federal court before defendant has answered, the removing defendant must answer or otherwise defend either (1) within seven days after removing or

(2) within 21 days after service of the state court summons and complaint, whichever is longer. Fed. R. Civ. P. 81(c)(2).

The Gardner defendants, representing that "all" defendants consented, timely removed the case to federal court on July 1, 2026. Notice Of Removal (Doc. # 1). On July 8, 2026, the Olathe defendants filed a motion in this Court to dismiss the complaint for failure to state a claim. See City of Olathe Defendants' Motion To Dismiss And Memorandum In Support (Doc. #9). Because they defended the action within seven days after removal, they are not in default in this Court under Rule 55(a).

Plaintiff cites no authority which would allow this Court to strike the state court order granting the Olathe defendants an extension of time to plead. In addition, even if the Court had such authority, it would not strike the state court order or enter default against the Olathe defendants based on a one-day delay in state court. On June 22, 2026—the deadline to answer or otherwise defend—the Olathe defendants submitted a proposed order for the clerk's signature extending their time to answer or otherwise plead by 14 days, to July 6, 2026. See Plaintiff's Motion To Strike, Ex. A (Doc. #5) at 10–11.[1] The clerk signed and entered the order the next morning. Id. at 9. Plaintiff provides no authority to support his argument that even if the request was timely, an order extending time is invalid when the clerk signs the order after the pleading deadline. As defendants aptly argue, plaintiff's interpretation would make a request for an extension of time dependent not on a party's compliance with the rule, but on the speed with which the clerk processes the request. Because they timely filed their request for an extension of time,

[1] Kansas Supreme Court Rule 113 states that "[t]he clerk may extend for a period of no more than 14 days the initial time to plead to a petition . . . . The party seeking the extension must prepare an order for the clerk's signature, and copies must be served on all other parties. Any other extension of time to plead must be by court order."

the Court will not require the Olathe defendants to demonstrate excusable neglect, as plaintiff requests.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Strike Invalid State-Court Extension And For Entry Of Default Against Defendants City Of Olathe, Angela Winterscheidt, Robert Ahsens, & Carl Anderson (Doc. #5) filed July 6, 2026 is **OVERRULED**.

Dated this 29th day of October, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge